IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CV-176-H

| | | |
|---|---|---|
| JERRY PARKER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| | ) | |
| SMITHFIELD PACKING COMPANY, INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This case comes before the court on the motion (D.E. 210) of defendants Smithfield Packing Company, Inc. and Premium Standard Farms, L.L.C. (collectively "defendants") to dismiss, or in the alternative for summary judgment on, the claims of certain opt-in plaintiffs who failed to disclose this action in their bankruptcy proceedings. Defendants filed a memorandum (D.E. 211) and exhibits (D.E. 211-1 to 211-21) in support of their motion. Plaintiffs Jerry Parker, et al., filed a notice (D.E. 231) stating that they do not oppose defendants' motion.

The court agrees with defendants that the failure of the opt-in plaintiffs listed below to disclose their claims deprives them of standing in this action and thereby the court of subject matter jurisdiction over it. *See Brockington v. Jones*, No. 4:05-3267-RBH-TER, 2007 WL 4812205, at *3 (D.S.C. 28 Nov. 2007). The court also agrees that, if these opt-in plaintiffs were deemed to have standing, each of them other than Crystal Lea Stone would be judicially estopped from pursuing their claims against defendants. *See id.*, at *4-5. Defendants exclude Ms. Stone from their alternative motion because they have no evidence that the bankruptcy court has relied on her misrepresentations regarding her claims in this action. (Defs.' Mem. 7 n.1).

It is therefore RECOMMENDED that defendants' motion to dismiss the claims of the following opt-in plaintiffs be ALLOWED and that this action be DISMISSED as to them for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure:

(1) Melvin Thomas Carr II
(2) Betty Hammond
(3) Kimberly Cooper Hobbs
(4) Betty Rose Ivey House
(5) Crystal Lea Stone
(6) Bessie Underwood

In the alternative, if the determination is made that the court has subject matter jurisdiction, it is RECOMMENDED that defendants' alternative motion for summary judgment as to the foregoing plaintiffs other than Crystal Lea Stone be ALLOWED and that this action be DISMISSED as to them pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have 14 days, or such other period as the court specifies, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this 12th day of July 2010.

James E. Gates
United States Magistrate Judge