IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CV-176-H

JERRY PARKER, et al., )
)
          Plaintiffs, )
)
v. ) **MEMORANDUM AND**
) **RECOMMENDATION**
)
SMITHFIELD PACKING COMPANY, INC., )
et al., )
)
          Defendants. )

This case comes before the court on the motion (D.E. 208) of defendants Smithfield Packing Company, Inc. and Premium Standard Farms, L.L.C. (collectively "defendants") for partial summary judgment dismissing all claims asserted by plaintiffs Jerry Parker, et al. ("plaintiffs") outside of the two-year statute of limitations. The motion is supported by a memorandum (D.E. 209), a deposition excerpt (D.E. 209-1), and copies of legal authorities (D.E. 209-2 through 209-9). Plaintiffs have filed a memorandum in opposition to defendants' motion (D.E. 232), which is also supported by deposition excerpts (D.E. 232-2 through 232-11). Defendants filed a reply (D.E. 257) supported by a copy of additional legal authority (D.E. 257-1). For the reasons that follow, the motion should be allowed.

## BACKGROUND

In this action, plaintiffs assert claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., arising from their employment with defendants[1] at their Clinton, North

---

[1] Defendant Premium Standard Farms, L.L.C. owned and operated the facility in question from 2000 to 2007 when it was purchased by defendant Smithfield Packing Company, Inc.

Carolina pork processing facility. Specifically, in their amended complaint, plaintiffs allege that defendants failed to compensate plaintiffs for time spent engaged in donning and doffing protective equipment, walking, and related activities. (Am. Compl. (D.E. 71) ¶ 12). Plaintiffs assert their FLSA claims as a collective action, pursuant to the provisions of that statute, 29 U.S.C. § 216(b). (*Id.* ¶ 1). Plaintiffs seek unpaid back wages, unpaid benefits, liquidated damages, attorneys' fees, and other relief. (*Id.* ¶ 20). Both defendants generally deny plaintiffs' substantive allegations. (*See* Defs.' Ans. (D.E. 76, 77)).

The material facts underlying the instant motion are largely undisputed. (Defs.' Mem. 2-4; Pls.' Mem. 3). Until March 2006, production line employees at the Clinton plant were paid an additional six minutes a day for donning and doffing activities. (Defs.' Mem. 3 ¶ 4). After March 2006, however, defendant began paying all employees additional minutes, ranging between three and twenty-seven minutes per day, dependent upon the employee's job location and type of job the employee has. (*Id.* 3 ¶¶ 8, 9). In total, when defendants switched to its current donning and doffing policy, annual costs were increased by approximately $474,000.00 for a total of $945,000.00 per year. (*Id.* ¶ 10; Deposition of Leonard Smith (D.E. 232-2) 49:20-51:24; 74:14-19). In addition, in 2000, the Department of Labor audited the Clinton facility. (*Id.* ¶ 11). The Department of Labor did not question any of defendants' practices at the facility. (*Id.* ¶ 14).

## DISCUSSION

### I. STANDARD OF REVIEW

It is well established that a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In analyzing whether there is a genuine issue of material fact, all facts and inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996).

The burden is on the moving party to establish the absence of genuine issues of material fact and "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323; *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991) ("[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate."). If the movant meets its burden, then the non-moving party must provide the court with specific facts demonstrating a genuine issue for trial in order to survive summary judgment. *Celotex*, 477 U.S. at 323. The non-moving party is not permitted to rest on conclusory allegations or denials, and a "mere scintilla of evidence" will not be considered sufficient to defeat a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## II. STATUE OF LIMITATIONS FOR FLSA CLAIMS

There are two limitations periods for plaintiffs proceeding under the FLSA: a two-year statute of limitations for ordinary violations and a three-year limitations period for violations that are deemed willful. 29 U.S.C. § 255(a). A claim is deemed to commence upon the date the plaintiff files his consent to opt in to the lawsuit. 29 U.S.C. § 256(b).

In order to take advantage of the longer three-year limitations period, a plaintiff must establish that the employer either knew or showed reckless disregard as to whether its conduct was prohibited by the statute. *McLaughlin v. Richland Shoes Co.*, 486 U.S. 128, 134 (1988); *Desmond*

3

*v. PNGI Charles Town Gaming, LLC*, 661 F. Supp. 2d 573, 587 (N.D. W. Va. 2009) ("'The standard for determining willfulness is whether the employer either knew, or showed reckless disregard, as to whether his conduct violated the [FLSA].'") (quoting *Martin v. Deiriggi*, 985 F.2d 129, 135 (4th Cir. 1993)). A recent District of Maryland decision held that "acts and policies that amount to reckless disregard for clear legal principles" support a finding of willfulness whereas "acts and policies intended to avoid liability in the face of changing legal standards" do not. *Perez v. Mountaire Farms, Inc.*, 610 F. Supp. 2d 499, 526 (D. Md. 2009); *Bosse v. Baltimore Cty.*, 692 F. Supp. 2d 574, 583 (D. Md. 2010) ("The violation must involve 'more than mere negligence.'") (quoting *Ijames v. Autumn Corp*, No. 1:08CV777, 2009 WL 2171252, at *13 (M.D.N.C. 20 July 2009)). A plaintiff bears the burden of proof on the issue of whether a defendant's conduct was willful. *Id.* at 135; *Williams v. Maryland Office Relocators*, 485 F. Supp. 2d 616, 621 (D. Md. 2007).

While in some cases, the issue of whether a defendant acted willfully is a factual question to be resolved by a jury or judge during trial, *Hoffman v. First Student, Inc.*, No. AMD 06-1882, 2009 WL 1783536, at *7 (D. Md. 23 June 2009), where a plaintiff has produced no evidence that defendant knew that it was violating the FLSA, or ignored or failed to investigate the plaintiff's claims, summary judgment on this issue may be appropriate. *See, e.g., Ikossi-Anastasiou v. Bd. of Supervisors of Louisiana St. Univ.*, 579 F.3d 546, 553 (5th Cir. 2009); *Frisby v. Keith D. Weiner & Assocs., LPA*, No. 1:09-CV-2027, 2010 WL 1630107, at *8 (N.D. Ohio 21 Apr. 2010) (allowing defendants' motion for summary judgment on issue of willfulness for statute of limitations purposes); *Adeva v. Intertek USA, Inc.*, No. 09-1096, 2010 WL 97991, at *4 (D.N.J. 11 Jan. 2010) (allowing defendants' motion for summary judgment on issue of willfulness where defendants relied

on advice of counsel for their conduct); *Garcia v. Frog Island Seafood, Inc.*, 644 F. Supp. 2d 696, 715 (E.D.N.C. 2009) (allowing defendants' motion for summary judgment and applying two-year statute of limitations to plaintiffs' FLSA claims).

## III.  EVIDENCE OF DEFENDANTS' WILLFULNESS

Plaintiffs rely on two facts to support their argument that defendants' conduct was willful. First, they argue that defendants failed to properly investigate their FLSA compliance and have taken no steps since December 2005 to assess whether they are complying with the FLSA. Second, they contend that defendants failed to make "back pay" payments to current and former employees after changing their compensation practices.

Here, despite plaintiffs' speculative arguments, there is simply no evidence before the court to support a finding that defendants knew, or acted with reckless disregard as to, whether they were in compliance with the FLSA. To the contrary, the evidence of record suggests that defendants were making efforts to comply with the FLSA.

The fact defendants have not compensated plaintiffs in accordance with *plaintiffs'* view of proper payment practices is not the equivalent of a showing that defendants recklessly disregarded their obligations under the FLSA. Indeed, defendants point to numerous court decisions that support their view on payment required under the FLSA. Plaintiffs must show more than that defendants were wrong or negligent in their attempts to comply with the FLSA in order to enjoy the benefit of the longer limitations period. Moreover, plaintiffs have not identified any evidence demonstrating that they made complaints to defendants about their pay practices that were ignored or disregarded, or any other evidence that would allow for a conclusion that defendants were not properly

5

investigating to ensure their compliance with the FLSA. The deposition testimony cited by plaintiffs, in particular, does not support this conclusion.

Furthermore, although plaintiffs are critical of defendants for not paying back pay, plaintiffs have not identified any authority that such failure constitutes willfulness or was otherwise an attempt by defendants to avoid their obligations under the FLSA.

The court concludes that plaintiffs have failed to come forward with evidence demonstrating a genuine issue of material fact as to whether defendants' violation was willful in nature. Instead, the record before the court shows as a matter of law that it was not. The two-year limitations period therefore applies and defendants' motion seeking dismissal of all claims outside that period should be allowed.

## **CONCLUSION**

For the foregoing reasons, it is RECOMMENDED that defendants' motion for partial summary judgment be ALLOWED and all claims outside of the two-year statute of limitations be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have 14 days, or such other period as the court specifies, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

6

Case 7:07-cv-00176-H  Document 279  Filed 08/18/10  Page 6 of 7

SO ORDERED, this 17 day of August 2010.

James E. Gates
United States Magistrate Judge