IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO.: 7:07-CV-176-H

JERRY PARKER, et al.,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　Plaintiffs,　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　　ORDER
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
SMITHFIELD PACKING COMPANY, INC.,　　　)
and PREMIUM STANDARD FARMS, LLC,　　　 )
　　　　　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　　　　 )

　　　This Fair Labor Standards Act ("FLSA") case is before the court on defendants' motion for partial summary judgment on all claims asserted by plaintiffs that were not filed within two years [DE #208]. United States Magistrate Judge James E. Gates filed a Memorandum and Recommendation ("M&R") on August 18, 2010, recommending that defendants' motion be granted. (Mem. & Recommendation [DE #279].) Judge Gates determined that the FLSA's two-year statute of limitations applies to plaintiffs' claims because plaintiffs have failed to present any evidence that defendants willfully violated the FLSA.

　　　Plaintiffs object to the M&R, arguing (1) that defendants' willfulness is an issue of fact for determination by the jury;

and (2) that Smithfield's failure to investigate its FLSA compliance or to make retroactive wage payments after changing its compensation practices in 2006 demonstrates that defendants' violation of the FLSA was willful. (Pls.' Objection to Mem. & Recommendation [DE #288] at 2.)

Whether an employer willfully violated the FLSA so as to invoke the three-year statute of limitations is ordinarily a factual question to be resolved by the jury. However, the plaintiffs in this case have failed to produce any evidence from which a jury could reasonably determine that defendants knew at the time plaintiffs were paid that the wage payments violated the FLSA or that defendants acted with reckless disregard of their obligations under the FLSA. In fact, the evidence of record establishes that prior to 2006 all of the employees at defendants' Clinton facility were paid six minutes per day for time spent donning and doffing protective gear and related donning and doffing activities. Shortly after the Supreme Court decided IBP v. Alvarez, 546 U.S. 21 (2005), addressing the compensability under the FLSA of time spent by employees walking to their workstations from the locker room where protective gear is donned, defendants changed their practices regarding payment for time spent donning and doffing protective gear and related activities. The fact that defendants did not make retroactive

2

wage payments following Alvarez does not establish that they willfully violated the FLSA prior to Alvarez.

A full and careful review of the M&R and other documents of record convinces the court that the recommendation of the magistrate judge is, in all respects, in accordance with the law and should be approved. Accordingly, the court ADOPTS the recommendation of the magistrate judge as its own. Defendants' motion for partial summary judgment [DE #208] is GRANTED and all claims outside of the two-year statute of limitations are hereby DISMISSED.

This 24TH day of September 2010.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31